IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK J. MULLICA,  : | CIVIL ACTION |
| Plaintiff,  : | |
| v.  : | No. 11-4034 |
| : | |
| MINNESOTA LIFE  : | |
| INSURANCE COMPANY, ET AL.  : | |
| Defendants.  : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                          September 27, 2013

Presently before the Court is Plaintiff Frank J. Mullica's "Motion to Strike Objections and Compel Production vs. MLIC Minnesota Life Insurance Company" (Doc. No. 41), and Defendant Minnesota Life Insurance Company's Response thereto (Doc. No. 45). For the reasons set forth herein, the Motion will be **DENIED.**

### I.  FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff has brought an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., seeking judicial review of the decision to deny his claim for group life and accidental death and dismemberment insurance benefits as a result of the death of his estranged wife on January 17, 2010. (Pl. Mem. in Supp. Pg. 5).

On December 15, 2011, Plaintiff served a Notice of Deposition of Corporate Designee upon Defendant Minnesota Life Insurance Company ("MLIC" or "Defendant"). (Pl. Mot. Ex. 2). The Notice listed twelve topics for examination by a corporate designee as well as a request for prior production of pertinent documents relevant to the twelve topics. *See id.* Thereafter, MLIC formerly objected to all of Plaintiff's requests. In a subsequent letter, Plaintiff narrowed

his request to seven topics and stated that, at that time, he was concerned only with receiving the pertinent documents. (Pl. Mot. Ex. 4). After MLIC confirmed that it would not produce any responsive documents, Plaintiff filed the instant Motion to Strike Objections and to Compel Production of Documents. (Doc. No. 41). Thereafter, MLIC filed a Response in Opposition. (Doc. No. 45).

Pursuant to 28 U.S.C. § 636(b)(1)(A), and by Order dated April 17, 2012, the Honorable C. Darnell Jones, II, assigned Plaintiff's Motion to this Court for determination.[1] (Doc. No. 49).

## II. SCOPE OF DISCOVERY

The Federal Courts have broad discretion to manage discovery, *Sempier v. Johnson*, 45 F.3d 724, 737 (3d Cir. 1995), and it is well-recognized that the Federal Rules permit broad and liberal discovery. *Pacitti by Pacitti. v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). The Federal Rules of Civil Procedure allow parties to obtain discovery regarding "any matter, not privileged, that is relevant to any parties claim or defense." Fed. R. Civ. Pro. 26(b)(1). However, in the ERISA context, the usual broad scope of discovery is limited by the statute's goal of a speedy, efficient resolution of claims. Moreover, the standard of review in ERISA cases bears significantly on the scope of discovery permitted. The scope of discovery in an ERISA case necessarily turns on the applicable standard of review employed by the courts. *See Aquilino v.*

---

[1] As a preliminary matter, this Motion was premature; MLIC filed a motion to dismiss that was granted in part and denied in part on September 26, 2013. *See* (Doc. No. 44, 61). However, MLIC has substantively responded to Plaintiff's Motion to Compel. Given that the motion to dismiss has been decided, discovery will presumably begin shortly. Accordingly, this Court will address Plaintiff's motion at this time, consistent with Judge Jones's referral.

2

*Hartford Life and Accident Insurance Company*, No. 10-2044, 2010 WL 3505172 (E.D. Pa. Aig. 31, 2010) (scope of discovery turns on applicable standard of review).

A.     **Applicable Standard of Review**

The Supreme Court has held that "ordinarily, a court reviewing a plan administrator's decision to deny a benefits claim should apply a de novo standard of review." *Firestone Tire and Rubber Co v. Burch*, 489 U.S. 101, 113 (1989).  However, if the plan, *by its terms*, gives the administrator discretionary power when deciding whether to grant or deny benefits, the reviewing court should apply an "abuse of discretion" standard.[2] *Id.*

Here, the plan documents state: "Minnesota Life shall have the authority, *in its discretion*, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." (Pl. Compl., Ex. 2, Pg. 16). Thus, it is clear that MLIC was granted discretionary authority.[3] Consequently, an "arbitrary and capricious" standard applies.[4] *See Nally v. life Ins. Co. of N. Am.*, 299 Fed. Appx. 125, 127-129 (3d Cir. 2009) (finding discretionary authority and applying an arbitrary and capricious standard

---

[2] Courts within the Third Circuit generally refer to an abuse of discretion standard in the ERISA context as an "arbitrary and capricious" standard. *See Sivalingam v. Unum Provident Corporation*, 735 F. Supp. 2d 189, 193 (E.D.Pa. 2010); *Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1180 (3d Cir. 1991). Both terms describe the deferential standard applied when an ERISA plan reserves discretion for the administrator. *Denmark v. Liberty Assur. Co. of Boston*, 566 F.3d 1, 2009 WL 1219438, at *5 (1st Cir. May 6, 2009).

[3] This finding merely expounds upon Judge Jones's finding that MLIC retained discretionary authority, as set forth in his memorandum addressing MLIC's motion to dismiss. *See* (Doc. No. 61 at 8).

[4] An arbitrary and capricious standard of review is narrow and deferential to the plan administrator; a decision to deny benefits will only be overturned by the Courts if it was "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Abnathya v. Hoffman-LaRoche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993).

of review for plan that granted "discretionary authority").

**B.      Discoverable materials under an "arbitrary and capricious" standard**

When courts apply an "arbitrary and capricious" standard of review, discovery is generally limited to the administrative record. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 168 (3d Cir. 2007). This principle arises from the rule that the district court's review of an administrators decision is restricted to the "administrative record." Therefore, "because Federal Rule of Civil Procedure 26(b)(1) permits discovery only where it appears reasonably calculated to lead to the discovery of admissible evidence, extra-record discovery would generally seem inappropriate." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619, F.3d 1151, 1157 (10th Cir. 2010). The "administrative record" consists of the "evidence that was before the plan administrator when it made the decision being reviewed." *Mitchell v. Eastman Kodak*, 113 F.3d 433, 440 (3d Cir. 1997) (further citations omitted). However, an ERISA claimant *may be* granted limited discovery beyond the administrative record if such discovery is "narrowly directed" to conflicts of interest. *Sivalingam,* 735 F. Supp. 2d at 195-196, (*citing Perry v. Simplicity Eng'g,* 900 F.2d 963, 967 (6th Cir. 1990)).

There are two types of conflicts that an ERISA fiduciary may face: structural and procedural. *Sivalingam*, 735 F. Supp. 2d at 195. Here, because Plaintiff challenges the sufficiency of the appeals process, only a procedural conflict is implicated.[5] A procedural conflict takes the form of "bias." *Id. (citing Post*, 501 F.3d at 165). In the Third Circuit,

---

[5] A structural conflict arises when the same entity both funds and administers a benefit plan. *Sivalingam*, 735 F. Supp. 2d at 195. Plaintiff has not requested any discovery relating to a structural conflict.

4

evidence of a procedural conflict includes: (1) reversal of position without additional medical evidence; (2) self-serving selectivity in the use and interpretation of physicians' reports; (3) disregarding staff recommendations that benefits be awarded; and (4) requesting a medical examination when all of the evidence indicates disability." *Post*, 501 F.3d at 165 (internal citations omitted).

Accordingly, the scope of discovery in this matter is limited to the administrative record and evidence relevant to perceived procedural conflicts of interest. *See Sivalingam*, 735 F.Supp. 2d at 196 ("discovery regarding alleged procedural irregularities during Plaintiff's first appeal would also be properly within the scope of discovery"). In exercising our discretion over discovery, this Court remains mindful that any discovery must be "circumscribed as to preserve ERISA's goal of providing an inexpensive and expeditious means of resolving benefit disputes." *Perry*, 900 F.2d at 967.

As to the administrative record, MLIC represents that they have disclosed the full administrative record – including all relevant plan documents and the claims file – in their Rule 26 disclosures. (Def. Resp. Para 8, 9). Plaintiff seeks discovery on *why* certain documents in the administrative record were withheld from Plaintiff during the appeals process; he does not contend that MLIC has not provided him with these documents in this litigation. (Pl. Mot. Para. 15). Plaintiff has not identified any factual basis for his continued insistence that MLIC has not – as of this date – supplied him with the full administrative record, nor has Plaintiff explained how any failure to produce information at the administrative phase is an appropriate grounds for

inquiry at this stage of the proceedings.[6]

This Court is satisfied with MLIC's assurances that the entire record has been produced. Thus, the Court must determine whether any of Plaintiff's requests fall within the limited exception permitting discovery beyond the administrative record. The Court will address each of Plaintiff's document requests separately.

### III. DISCUSSION

#### A. Request #4: Accounting records for all premiums for life insurance received by MLIC for Arkema Employees and/or dependants from 2007-2010.

Plaintiff requests certain accounting records, apparently in support of his claim for coverage by estoppel. Plaintiff asserts that MLIC is estopped from denying his claim for supplemental life insurance benefits because he paid the premiums for this supplemental life insurance, and the premium payments were withheld from his pay from 2007 until 2010. MLIC responds that the premiums were withheld according to the terms of the plan.

"To establish a claim for equitable estoppel, an 'ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances.'" *Bocchino v. Trs. of Dist. Council Ironworkers Funds*, 337 Fed. Appx. 197, 201 (3d Cir. 2009) (*quoting Curio v. John Hancock Mut. Life. Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994)) (further quotations omitted). When, as here, a plaintiff seeks court review

---

[6] As noted above, under an arbitrary and capricious standard, only the documents and evidence contained in the administrative record are relevant to the inquiry; whether Plaintiff had these documents is irrelevant. Moreover, Defendant has already pointed to the parts of the plan that sets forth what documents Plaintiff was permitted to have and the procedures he had to follow in order to obtain them.

of a benefits denial, "ERISA equitable estoppel claims are limited to the administrative record and no discovery is permitted."[7] *Cramer v. Appalachian Reg'l Healthcare, Inc.*, 53 Employee Benefits Cas. (BNA) 2463 (E.D. Ky. Mar. 23, 2012) (collecting cases). Accordingly, Plaintiff is not entitled to discovery outside of the administrative record for his estoppel claim. *See Bratton v. Schlumberger Tech. Corp. Pension Plan*, No. 06-1747, 2007 U.S. Dist. LEXIS 76562 (W.D. La. Oct. 12, 2007) (denying Plaintiff discovery request outside the administrative record and rejecting argument that denying request would result in inability to prove claim).

      B.      **Request #6: All written or oral communications between MLIC and all outside counsel concerning the 'appeal' decision in this case from May 1, 2010 through November 29, 2010.**

Plaintiff requests communications between MLIC and outside counsel concerning the "appeal," and spends much effort arguing that such communications are not protected by the attorney-client privilege. We need not reach the question of whether such communications would be protected from disclosure by the attorney-client privilege, because the request is not directed to conflicts of interest. This request seeks to examine the merits of the decision, which is not permitted. *Rhodes v. Principal Fin. Group, Inc.*, No. 10-290, 2010 WL 4867618, at *2-3 (M.D. Pa. Nov. 23, 2010). Accordingly, Plaintiff's request is denied as outside the scope of permissible discovery.

      C.      **Request #7: The "decision" in 2010 to provide Plaintiff the insurance certificate instead of the policy requested by Plaintiff. (Request #7).**

Plaintiff asserts that prior to his appeal he asked MLIC for the "policies" that would be

---

[7] The *Cramer* court noted that discovery is sometimes allowed when the estoppel claim could not be brought before the administrator. *Id.* at 11-13. The instant situation does not fall into that exception as Plaintiff made the argument underlying the estoppel claim in his proceedings before the administrator. *See* (Doc. No. 45, Ex. A).

7

used to decide the appeals, but MLIC only provided the "insurance certificate," and then relied on the policy (and not the certificate) in deciding the appeal. The insurance policy that MLIC claims to have relied on was identified in the Rule 26 disclosure, and Plaintiff has received the full administrative record. Additionally, the administrative record discloses the part of the plan MLIC relied on in declining to produce the insurance certificate. Thus, this request is outside the scope of permissible discovery. *See Lucas v. Liberty Life Assur. Co.*, No. 11-4417, 2011 WL 6196720, at *3 (E.D. Pa. Dec. 12, 2011) (denying written discovery as to why administrator only used one plan document in making decision because not directed towards bias and thus was not tailored to assessing procedural or structural conflicts); *Dandridge v. Raytheon Co.*, No. 08-4793, 2010 WL 376598, at *3 (D.N.J Jan 16, 2010) ("broad, merits-based evidentiary pursuit is not permitted in the context of arbitrary and capricious review").

> D. **Request #9: The number of appeals decisions made by MLIC in 2010 and by whom such decisions were communicated.**

Plaintiff requests this data, arguing that he wishes to determine whether MLIC customarily consulted with an attorney in making appeals decisions, and customarily relied upon such attorneys to communicate decisions to claimants. Plaintiff asserts this data is relevant to determine if attorney involvement in this process was a "procedural abnormality."

Facially, this request appears to be directed to the existence of procedural abnormalities, which, as noted above, "can open the door to discovery beyond the administrative record." *Muccino v. Long Term Disability Income Plan*, No. 11-3641, 2012 U.S. Dist. LEXIS 80327, at *29 (D.N.J. June 11, 2012). Indeed, some courts have permitted discovery of claim history statistics, such as past grant or termination rates. *See Hogan-Cross v. Met Life Ins. Co.*, 568 F. Supp. 2d 410, 414 (S.D.N.Y. 2008) (although approval and termination rates wouldn't prove

8

anything by themselves, they are reasonably calculated to lead to admissible evidence); *Duran v. Cisco Sys.*, 258 F.R.D. 375, 382-383 (C.D. Cal., July 1, 2009) (allowing discovery of claim granting history for similar claims, but limiting it to statistical information).

Here, Plaintiff does not seek the approval or termination rates for claims, but rather who MLIC consulted with and utilized in deciding prior claims. Plaintiff fails to show how consultation with an attorney or having an attorney communicate an appeals decision would establish bias or lead to relevant evidence of bias. *See Kalish v. Libterty Mutual/Liberty Life Assur. Co.*, 419 F.3d 501, 508 (6th Cir. 2005) (mere history of consultation does not establish a conflict of interest); *Abromitis v. Cont'l Cas. Company/CNA Ins. Cos.*, 261 F. Supp. 2d 388 (W.D.N.C. 2003) (denying discovery directed to retention of a vocational consultant). Furthermore, this request is not directed any permissible topic for discovery, such as the reversal of position without additional medical evidence; self-serving selectivity in the use and interpretation of physicians' reports; disregard of staff recommendations that benefits be awarded; or requesting a medical examination when all of the evidence indicates disability." *Post*, 501 F.3d at 165.

"A mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case" *Likas v. Life Ins. Co. Of N. Am.*, 222 Fed. Appx. 481, 486 (6th Cir. 2007). Here, Plaintiff has failed to show how the use of an attorney or having an attorney communicate the appeals decision is likely to lead to relevant evidence tending to show the self-serving utilization of medical evidence or an unexplained reversal of position. *Post*, 501 F.3d at 165. Accordingly, this Court finds that Plaintiff's request does not fall within the limited exception permitting discovery outside of the administrative record.

E. **Request #10: All documents provided to outside counsel during the appeal decision process in this case in 2010, including all communications accompanying those documents and accompanying all requests for documents.**

This request is overly broad and outside the scope of permissible discovery. First, this request seeks to discover the merits of the underlying decision and how the decision was reached. As stated above, the merits of the decision is not an appropriate topic for discovery. *See supra* at P. 7. More importantly, this broad request for "all communications" is not "narrowly circumscribed" to the discovery of a conflict of interest, and thus Plaintiff is not entitled to this discovery. *See Aquilino,* 2010 WL 3505172, at *4 (request for discovery beyond administrative record denied because of failure to tailor request to the question of the defendant's conflict of interest).

F. **Request #11: All records, communications and notations concerning the raising of the cause of death at issue in this case or the alleged failure to raise the issue during the claims process prior to May 1, 2010, which communications were created between May 1, 2010 and November 29, 2010.**

Plaintiff seeks discovery on why MLIC included the cause of death as a reason for denial in its appeals decision, but failed to do so in its initial denial letter. Defendant admits that the cause of death was mentioned as an alternative ground for denial in the appeals decision, but asserts that the real ground for denial (termination of coverage) remained the same.

Under ERISA, a claimant is entitled to procedural fairness and "full and fair review" of all determinative reasons for the initial denial of benefits claims. *See* 29 U.S.C. § 1133; ERISA § 503. "Full and fair" review must provide a claimant with knowledge of the opposing party's contentions and a reasonable opportunity to meet them." *Grossmuller v. Int'l Union, UAW, Local 813,* 715 F.2d 853, 858 n.5 (3d Cir. 1983). Thus, "tacking on" an additional basis of

denial constitutes a "procedural irregularity" that violates ERISA. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 974 (9th Cir. 2006).

However, whether the addition of the "cause of death" exclusion in the appeals letter violated Plaintiff's right to a "full and fair" review can be determined solely based on the administrative record.[8] Indeed, the administrative record contains the initial denial letter, the appeals letter, along with the documents that were considered in making each of those decisions. Accordingly, discovery outside of the administrative record is unnecessary and Plaintiff's request is denied. *See Stevens v. Santander Holdings USA, Inc.*, No. 11-7473, 2013 U.S. Dist. LEXIS 10915, *23-25 (D.N.J. Jan. 28, 2013) (denying discovery outside record when determination of whether a conflict of interest existed could be made on documents based in the administrative record); *Cf. Miller*, 632 F.3d at 850-851 (examining compliance with ERISA § 503 by looking at the termination letter and documents in the administrative record).

G. **Request 12: All records, including notes, memoranda and/or summaries of telephone calls, conversations and/or emails to or from MLIC, including, but not limited to those to or from Marc Bremseth or Teresa Jackson to Plaintiff or to any representative of Plaintiff from August 1, 2010 through November 29, 2010.**

MLIC does not dispute that these records are discoverable (Def. Memo, Pg. 45). MLIC contends they have produced all such records in their possession as part of its Rule 26 disclosures and also made "further review of their records in that regard" to ensure that all records relating to this request have been produced. This request is denied as moot.

---

[8] If the administrative record shows that Plaintiff did not receive a full and fair review, then the appropriate remedy is to remand to the plan administrator for purposes of conducting a full and fair review. *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000). However, failure to abide by ERISA § 503 also is a "procedural irregularity" that can be considered in determining whether an administrator's decision was arbitrary and capricious. *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 850-851 (3d Cir. 2011).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's "Motion to Strike Objections and Compel Production vs. MLIC Minnesota Life Insurance Company" (Doc. No. 41) is **DENIED**.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE